Juanita Brooks (CA Bar No. 75934/brooks@fr.com)
Jason W. Wolff (CA Bar No. 215819/wolff@fr.com)
Seth M. Sproul (CA Bar No. 217711/sproul@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

E-filing

David J. Miclean (CA Bar No. 115098/miclean@fr.com)
Christina D. Jordan (CA Bar No. 245944/cjordan@fr.c0m)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

ADR

Attorneys for Plaintiff GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C08.  04144 MEJ

| | |
|---|---|
| GOOGLE INC.<br><br>      Plaintiff,<br><br>   v.<br><br>NETLIST, INC.,<br><br>      Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

1

## COMPLAINT

2       Plaintiff Google Inc. ("Google") hereby demands a jury trial and alleges as follows for its

3   complaint against Netlist, Inc. ("Netlist"):

4

## PARTIES

5       1.   Plaintiff Google is a Delaware corporation with its principal place of business at 1600

6   Amphitheatre Parkway, Mountain View, CA 94043.

7       2.   On information and belief, Defendant Netlist is a Delaware corporation with its principal

8   place of business at 51 Discovery, Irvine, CA 92618.

9

## JURISDICTION AND VENUE

10      3.   This action is based on the patent laws of Title 35 of the United States Code, § 1 *et seq.*,

11  with a specific remedy sought under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and

12  2202.  An actual, substantial, and continuing justiciable controversy exists between Google and

13  Netlist that requires a declaration of rights by this Court.

14      4.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

15  and 1338(a).

16      5.   This Court has personal jurisdiction over Netlist because Netlist resides in the state of

17  California.  Further, this Court has personal jurisdiction over Netlist by virtue of Netlist's purposeful

18  contacts with this district, including Netlist's substantial business conducted with customers residing

19  in this district (including, but not limited to, Google); Netlist's maintenance of at least one sales

20  representative within this judicial district; and Netlist's attempts to enforce a patent purportedly

21  assigned to it against Google, an entity having a principal place of business in California, for

22  allegedly infringing activities occurring in California.

23      6.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because a

24  substantial part of the events giving rise to the claims presented in this Complaint occurred in this

25  district.  Venue is further proper because Netlist is subject to personal jurisdiction in this judicial

26  district and is therefore deemed to reside in this district pursuant to 28 U.S.C. § 1391(c).

27

28

COMPLAINT FOR DECLARATORY RELIEF
Case No._____

1

**INTRADISTRICT ASSIGNMENT**

2      7.   Under Civil Local Rules 3-2(c) and 3-5, this action, being a declaratory judgment action

3   based on patent claims, is appropriate for assignment on a district-wide basis.

4

**FACTUAL BACKGROUND**

5      8.   Defendant Netlist is listed with the United States Patent and Trademark Office ("PTO")

6   as the assignee of record of U.S. Patent No. 7,289,386 ("the '386 patent") (Exhibit 1).

7      9.   Beginning in 2006, Google entertained business proposals from Netlist as a potential

8   supplier for specific server memory devices used in certain Google servers.  Google tested server

9   memory devices supplied by Netlist, but these memory devices proved to be unsuitable for Google's

10   purposes.  For this reason, Google selected a different supplier for the server memory devices used

11   in its servers.

12      10. In a letter dated May 5, 2008 (Exhibit 2), the President and CEO of Netlist, Chun Hong,

13   wrote Google and asserted ownership of the '386 patent.  In the letter, Mr. Hong indicated that

14   Netlist had reason to believe that Google was using Netlist's server memory technology, covered by

15   the '386 patent, in Google's servers.

16      11. In a letter dated June 4, 2008 (Exhibit 3), the law firm of Morrison & Foerster, outside

17   counsel for Netlist, sent Google a follow up letter reiterating the issues raised in the May 5, 2008

18   letter (i.e., Exhibit 2) and suggested that if Google would not engage Netlist as a supplier, Netlist

19   would be forced to take "more formal steps" regarding the '386 patent and Google's use of

20   separately sourced server memory devices.

21      12. In a letter dated June 19, 2008 (Exhibit 4), Netlist's outside counsel again reiterated many

22   of the issues stated in its first and second letters (i.e., Exhibits 2 and 3) and stated that if Netlist did

23   not promptly hear back from Google, it would have no alternative but to pursue "litigation" against

24   Google regarding Netlist's intellectual property rights, the '386 patent, and Google's alleged use of

25   its separately sourced server memory devices.

26      13. The breakdown of discussions between the parties regarding Netlist's ability to provide

27   server memory devices for Google's servers, Netlist's assertion that Google is using Netlist's server

28   memory technology protected by the '386 patent in Google's currently deployed server memory

COMPLAINT FOR DECLARATORY RELIEF
Case No._____

1    devices in certain Google servers, and the three increasingly hostile letters threatening action

2    regarding the '386 patent – the last letter specifically threatening litigation – establish that a

3    substantial controversy exists between the parties having adverse legal interests of sufficient

4    immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. § 2201(a) as to

5    the validity of Netlist's '386 patent and the alleged infringement of the server memory technology

6    currently used or planned to be used in certain Google servers.

### FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,289,386)**

9        14.  Google restates and incorporates by reference the allegations in paragraphs 1-13.

10       15.  This is an action for declaratory judgment of non-infringement of any valid and

11   enforceable claims of the '386 patent.

12       16. Netlist has alleged and continues to allege that Google uses certain server memory

13   technology covered by the '386 patent.  Netlist has threatened to resolve the matter through

14   litigation.

15       17. Google asserts that it has not infringed and does not infringe any valid and enforceable

16   claim of the '386 patent.

17       18. Therefore, an actual and justiciable controversy exists regarding the alleged infringement

18   of the '386 patent by Google.  Google accordingly requests a judicial determination of its rights,

19   duties, and obligations with regard to the '386 patent.

20       19. A judicial declaration is necessary and appropriate so that Google may ascertain its rights

21   regarding the '386 patent.

### SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,289,386)**

24       20.  Google restates and incorporates by reference the allegations in paragraphs 1-19.

25       21.  This is an action for declaratory judgment of invalidity of any and all claims of the '386

26   patent.

27

28

-4-

22.  Google has an objectively reasonable apprehension that Netlist will bring a patent infringement action against it based on the '386 patent based upon Google's use of certain server memory technology in its servers.

23.  The claims of the '386 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

24.  Therefore, an actual and justiciable controversy exists regarding the validity of the '386 patent by Google.  Google accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '386 patent.

25. A judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the '386 patent.

## PRAYER FOR RELIEF

WHEREFORE, Google prays for judgment against Netlist as follows:

1.  That Google does not infringe any valid and enforceable claim of the '386 patent;

2.  That the '386 patent is invalid;

3.  That Google be awarded its reasonable costs and attorneys fees; and

4.  For such other relief as this Court deems just, reasonable and proper.

///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR DECLARATORY RELIEF
Case No._____

Dated:  August 29, 2008

FISH & RICHARDSON P.C.

By: _____
Juanita Brooks (CA Bar No. 75934)
brooks@fr.com)
Jason Wolff (CA Bar No. 215819)
wolff@fr.com)
Seth Sproul (CA Bar No. 217711)
sproul@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

David Miclean (CA Bar No. 115098)
miclean@fr.com)
Christina Jordan (CA Bar No. 245944)
cjordan@fr.c0m)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
GOOGLE INC.

COMPLAINT FOR DECLARATORY RELIEF
Case No._____

1

## DEMAND FOR JURY TRIAL

2    In accordance with Rule 38 of the Federal Rules of Civil Procedure and Civil Local Rule 3-6,

3 Google demands a jury trial of all issues so triable.

4

5 Dated:  August 29, 2008                        FISH & RICHARDSON P.C.

6

7                                               By: _____
                                                    Juanita Brooks (CA Bar No. 75934
8                                                   brooks@fr.com)
                                                    Jason Wolff (CA Bar No. 215819
9                                                   wolff@fr.com)
                                                    Seth Sproul (CA Bar No. 217711
10                                                  sproul@fr.com)
                                                    FISH & RICHARDSON P.C.
11                                                  12390 El Camino Real
                                                    San Diego, CA 92130
12                                                  Telephone: (858) 678-5070
13                                                  Facsimile: (858) 678-5099

14
                                                    David Miclean (CA Bar No. 115098
15                                                  miclean@fr.com)
                                                    Christina Jordan (CA Bar No. 245944
16                                                  cjordan@fr.c0m)
                                                    FISH & RICHARDSON P.C.
17                                                  500 Arguello Street, Suite 500
                                                    Redwood City, CA 94063
18                                                  Telephone: (650) 839-5070
19                                                  Facsimile: (650) 839-5071

20                                              Attorneys for Plaintiff
                                                GOOGLE INC.
21

22
#505606074
23

24

25

26

27

28

                                        -7-        COMPLAINT FOR DECLARATORY RELIEF
                                                   Case No._____