UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GOOGLE, INC., | Case No: C 08-4144 SBA |
| Plaintiff, | [Related to: C 09-5718 SBA] |
| vs. | ORDER DENYING NETLIST'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS |
| NETLIST, INC. | |
| Defendant. | Docket 54 |
| AND COUNTERCLAIMS. | |

This action arises from a patent infringement dispute between the alleged infringer, Google, Inc. ("Google"), and the patentee, Netlist, Inc. ("Netlist"). The parties presently are before the Court on Netlist's Motion for Leave to Amend Infringement Contentions. Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

I.   BACKGROUND

Google is a well-known website operator which relies on computer servers to conduct its business. Many of Google's servers are assembled by subcontractors in accordance with Google's specifications. Netlist is a supplier of server memory devices, and owns the rights to United States Patent No. 7,289,386 ("the '386 Patent"). The '386 patent, entitled "Memory Module Decoder," is an invention that allows servers to utilize more memory than they are typically configured to accept. While most servers are only configured to accept 1-rank or 2-

rank memory devices[1], the '386 patent allows those servers to utilize 4-rank memory devices, thus increasing the amount of memory available to the server.  The primary advantage to using 4-rank as opposed to 1-rank or 2-rank memory is that the increased number of ranks allows for the use of lower-density memory, which is less expensive than high-density memory.

In early 2006, Google considered using Netlist as a supplier of server memory.  During meetings to discuss the possibility of such a relationship, Netlist purportedly disclosed its patented technology to Google, subject to a non-disclosure agreement.  Google tested the memory supplied by Netlist, but ultimately selected a different supplier.  In or about Spring 2008, Netlist sent several letters to Google accusing it of utilizing the technology from the '386 Patent in its servers.  Google apparently ignored Netlist's letters, and instead, on August 29, 2008, filed a Complaint for Declaratory Relief against Netlist in this Court.  On November 18, 2008, Netlist answered the complaint and alleged counterclaims for patent infringement.

The initial Case Management Conference took place on February 18, 2009, at which time the Court scheduled a <u>Markman</u> (claims construction) hearing for November 12, 2009.  On April 10, 2009, Netlist served Amended Disclosure of Asserted Claims and Preliminary Infringement Contentions, pursuant to Patent Local Rules 3-1 and 3-2.  The infringement contentions allege that Google's memory (specifically, Google's 4-rank Fully-Buffered Dual Inline Memory Modules or "FBDIMMS") infringe Claims 1 and 11 of the '386 Patent.  Hansen Decl. Ex. A.  Netlist claims that it prepared its infringement contentions based on publicly-available information, as no discovery had yet been produced.  On July 29, 2009, Netlist substituted in new counsel, who then began to review the documents that had been produced by Google from April to July 2009, and served discovery focused on the structure and operation of Google's accused device, i.e., Google's 4-Rank FBDIMMs.

The claims construction hearing proceeded as scheduled on November 12, 2009.  At the conclusion of the hearing, the Court construed the disputed terms from Claims 1 and 11 of the

---

[1] Rank refers to the number of memory devices in a module.  Thus, for instance, 2-rank memory contains twice as much memory as 1-rank memory, and 4-rank memory contains 4 times as much memory as 1-rank memory.

'386 Patent.  Immediately following the hearing, the Court conducted a further Case Management Conference.  With the consent of both parties, the Court scheduled various dates in the action, including a fact discovery cut-off date of March 30, 2010.

On March 29, 2010, Netlist filed the present motion to amend its infringement contentions in which it seeks to add *six* additional infringement contentions based on Claims 2, 3, 5, 7, 9 and 12 of the '386 Patent.  Netlist claims that good cause supports its request on the ground that it only recently learned of non-public information to support these contentions through two Rule 30(b)(6) depositions of Google, which took place in February and March 2010.  In response, Google contends that Netlist has not been diligent in pursuing discovery, which has been open since January 28, 2009, and that it would suffer undue prejudice if Netlist were permitted to quadruple the number of infringement contentions after the close of fact discovery.

II.     DISCUSSION

This Court has adopted Patent Local Rules that "require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity." O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1359 (Fed. Cir. 2006) (discussing the Patent Local Rules adopted in the Northern District of California).  The Patent Local Rules expressly limit the parties' ability to amend their infringement and invalidity contentions as follows:

> 3-6. Amendment to Contentions.
>
> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court *upon a timely showing of good cause*.  Nonexhaustive examples of circumstances that may, *absent undue prejudice* to the nonmoving party, support a finding of good cause include: (a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Patent Local R. 3-6 (emphasis added).  Good cause requires a showing of diligence; the burden is on the party seeking to amend its contentions "to establish diligence rather than on the opposing party to establish a lack of diligence."  O2 Micro, 467 F.3d at 1366-67 (affirming

denial of motion to amend infringement contentions under Patent Local Rule 3-6 where the movant was not diligent).

Netlist contends that it acted diligently with respect to its proposed amendments because it only recently discovered non-public information to support such contentions through Rule 30(b)(6) depositions taken in February and March 2010. Netlist Mot. at 6-7. This argument misses the point. The critical issue is not *when* Netlist discovered this information, but rather, whether they *could have* discovered it earlier had it acted with the requisite diligence. The answer is "yes." Discovery opened over a year ago on January 28, 2009, almost nine months prior to the claims construction hearing and over a year prior to Rule 30(b)(6) depositions of Google in March 2010.[2] In addition, a significant amount of Google's document production took place between April and July 2009. Altersohn Decl. ¶ 8 and Exs. 7a-7b. As such, Netlist has had more than ample opportunity early in the litigation to discover the existence of these non-public documents and to ascertain whether they disclosed a potential basis for additional infringement contentions.

Netlist vaguely asserts that Google obstructed discovery and is responsible for any delays in setting the Rule 30(b)(6) depositions. Netlist Mot. at 4-5. This contention also is unpersuasive. To the extent that Netlist believed that Google was impeding its ability to obtain critical information by failing to comply with their discovery obligations, Netlist should have promptly sought relief from the Court. See Claytor v. Computer Assocs. Int'l, Inc., 211 F.R.D. 665, 667 (D. Kan. 2003) (upholding magistrate's denial of request to extend discovery cut-off date on the ground that "plaintiff should have sought assistance from the court earlier than [the discovery cut-off] if he believed that defendant was obstructing the discovery process or believed that, for whatever reason, he was not going to be able to complete discovery consistent with the discovery deadline."). Having failed to do so, Netlist cannot blame Google for the timing of the Rule 30(b)(6) depositions.

---

[2] Discovery commences once the parties have engaged in their Rule 26 conference, which is to take place no later than twenty-one days prior to the Case Management Conference. Fed.R.Civ.P. 26(d)(1), (f)(1). The initial Case Management Conference in this case took place on February 18, 2009. Docket 21.

The Court further finds that Google would suffer undue prejudice if Netlist were allowed to amend its infringement contentions. Netlist filed its motion for leave to amend its infringement contentions on the day before the close of fact discovery. In addition, the proposed amendment seeks to add *six* new claims whereas for the last year, Google has been preparing its case on based only on Claims 1 and 11—the only claims construed at the Markman hearing. Permitting Netlist to amend its infringement contentions at this juncture would necessitate reopening discovery and potentially require additional claims construction proceedings. C.f., In re Milk Prods. Antitrust Litig.,195 F.3d 430, 438 (8th Cir. 1999) (holding the need to reopen discovery is "precisely the sort of prejudice that justifies denial of a motion to amend under Rule 15(a)."). Netlist responds that Google's claims of prejudice are overstated. Such response, however, is not credible given that Netlist is seeking to quadruple the number of infringement contentions after the close of discovery.

III.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Netlist's Motion for Leave to Amend Infringement Contentions is DENIED.  This Order terminates Docket 54.

IT IS SO ORDERED.

Dated:  May 3, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge